Argued and submitted January 29, 1999, reversed and remanded April 5, 2000

## HOUSTON EQUITY CORPORATION,
an Oregon corporation,
and its successors and assigns,
including Howard Houston, Jr.,
*Appellant,*

*v.*

## Heinz GEHRT,
*Respondent.*

(950054CC; CA A99149)

998 P2d 755

Margaret H. Leek Leiberan argued the cause and filed the briefs for appellant.

Norman F. Webb argued the cause for respondent. With him on the brief was Webb & Martinis.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Plaintiff appeals from a judgment for defendant in a contract action. He assigns error to the trial court's determination that approval of the contract by defendant's attorney was an unfulfilled condition precedent of the contract. Additionally, he assigns error to the court's award of attorney fees under the contract in light of its determination that the contract was unenforceable because of the failure of the condition precedent. We reverse.

■ Because the trial court found for defendant after a bench trial, we state the facts in the light most favorable to defendant. *See Wyatt v. Body Imaging, P.C.*, 163 Or App 526, 528, 989 P2d 36 (1999). Defendant signed an earnest money agreement on February 2, 1995, to purchase plaintiff's mobile home park; plaintiff signed the same agreement on February 7, 1995. Pursuant to the agreement, defendant paid $5,000 in earnest money. The agreement required defendant to pay additional earnest money within 15 days. The agreement also reserved to defendant and his attorney the right to review and approve the agreement and the plans and specifications for the mobile home park. The review provision appears on page 2, lines x through bb, of Addendum "A" to the agreement. It provides:

> "The purchaser is making this offer subject to the review and approval of the Earnest Money Agreement and complete plans and specifications by both the purchaser and the purchaser's attorney within 15 days of seller's acceptance. If said approval is not received, the purchaser may at the purchaser's sole discretion, continue, or cancel, this sales agreement with all Earnest Monies returned to the purchaser."

On February 7, 1995, defendant signed a written addendum that removed as a condition of the agreement the requirement that he review and approve the agreement and plans. The addendum had been prepared at defendant's request by his real estate agent. It stated that the "[p]urchaser has reviewed both the earnest money agreement and the plans and specifications for development as outlined on Addendum 'A' page 2 lines x through bb, and

hereby removes said contingency." The parties did not communicate again until March, when their lawyers began to exchange letters and have phone conversations in an attempt to negotiate various aspects of the deal. Defendant did not deposit the additional earnest money specified in the agreement until sometime after this action was filed in July 1995.

At trial, the parties disputed whether the addendum extinguished both defendant's right to review the documents personally and his right to have his attorney do so or only defendant's right. The trial court held that the addendum was ambiguous and found that, by signing it, defendant relinquished his own right to review the documents but not his right to have his attorney review them. The court further found that defendant's attorney had never approved the agreement, and it determined that that approval was a condition precedent to the agreement, rendering the agreement unenforceable and entitling defendant to recover his earnest money payments. It also awarded attorney fees to defendant under a provision of the agreement that stated that "[e]ach Seller, Buyer, and licensee agrees that each prevailing party shall be entitled to reasonable attorneys' fees, to be paid by the party or parties not prevailing."

On appeal, plaintiff assigns error to the court's conclusion that the addendum was ambiguous and its finding that defendant did not waive the condition precedent of his attorney's approval. He also assigns error to the trial court's award of attorney fees to defendant under the contract. Because we conclude that the addendum was unambiguous and therefore reverse the judgment in favor of defendant, we necessarily reverse the attorney fee award as well.

■■ The determination whether a contract is ambiguous presents a legal question. *See, e.g., Abercrombie v. Hayden Corp.*, 320 Or 279, 292, 883 P2d 845 (1994). "A contract provision is ambiguous if it is capable of more than one sensible and reasonable interpretation." *Thompson v. Bollinger, Hampton & Tarlow*, 118 Or App 700, 709, 849 P2d 526, *rev den* 317 Or 163 (1993) (internal quotation marks and citations omitted). Here, the addendum stated that the purchaser had "reviewed both the earnest money agreement and the plans and specifications for development as outlined on

Addendum 'A' page 2 lines x through bb, and hereby removes said contingency." That language is unequivocal and has a definite sense: it purports to remove the contingency contained in specified lines of the earnest money agreement. The specified lines encompass the entire review provision, not just the portion that relates to defendant's personal review. We conclude, therefore, that the addendum unambiguously established that the review condition had been removed.

Defendant nonetheless argues that the trial court's view of the addendum as ambiguous is correct because the review provision refers to both defendant's and his attorney's review and the addendum refers explicitly only to defendant's review. He further argues that an attorney's review of a contract serves a separate function from the client's review. While we agree that an attorney's review may serve a different function from the client's review, we note that both types of review are for the benefit of the client and that the functions overlap substantially. Moreover, because the attorney is the agent of the client when reviewing a contract to which her client is a party, an attorney's review is commonly seen as part and parcel of the client's review. The addendum's reference to the specific lines in the agreement that contain the right of review, and its explicit removal of the contingency contained in those lines, persuades us that the only sensible interpretation of the addendum is that it extinguished the entire right of review, rather than just part of that right. Because that is the only sensible interpretation of the addendum, it is not ambiguous. *See Thompson,* 118 Or App at 709. The trial court erred in concluding otherwise. We therefore reverse and remand the case for further proceedings consistent with our conclusion that the review condition was satisfied.

Reversed and remanded.